**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN DIANTE BENTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-01007-ACL |
| DUSTIN WILLIAMS and SARGEANT UNKNOWN MONTELEONE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon review of the Amended Complaint filed by self-represented Plaintiff Kevin Diante Benton, a convicted and sentenced state prisoner at South Central Correctional Center (SCCC) in Licking, Missouri. For the reasons explained below, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff brings this case under 42 U.S.C. § 1983 against former and current employees at SCCC, regarding an alleged incident of excessive force. ECF No. 1 at 4. SCCC is located in Texas County, Missouri, which is in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

Under 28 U.S.C. § 1391(b), a civil action of this type may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action." Furthermore, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Here, Plaintiff's claims arise entirely from events which occurred during his incarceration in the Western District of Missouri at SCCC. Therefore, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri for all further proceedings.

Finally, Plaintiff has four pending motions before the Court. Two of these motions were filed unsigned so the Court directed the Clerk to return them to Plaintiff for signature. *See* ECF No. 4. These unsigned motions (ECF Nos. 2 & 3) will be denied as moot. Having reviewed Plaintiff's signed motion to proceed in district court without prepaying fees or costs (ECF No. 7) and the financial information submitted in support, the Court will grant the motion subject to modification by the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1915(a). Plaintiff also filed a signed motion for appointment of counsel. ECF No. 8. However, there is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). As such, the Court will deny Plaintiff's signed motion for appointment of counsel without prejudice at this time, subject to refiling in the transferee court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that Plaintiff's signed motion to proceed in district court without prepaying fees or costs [ECF No. 7] is **GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FINALLY ORDERED** that Plaintiff's signed motion for appointment of counsel [ECF No. 8] is **DENIED without prejudice** at this time.

**IT IS FINALLY ORDERED** that Plaintiff's unsigned motions [ECF Nos. 2 & 3] are **DENIED as moot**.

Dated this 22nd day of August, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE